IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                      No. 4:15-cr-40028-SOH-BAB

JOHN WILLIAMS VICKERS                                                                  DEFENDANT

**ORDER OF DETENTION**

The record reflects that on December 3, 2015, the Defendant appeared for arraignment on a Complaint (ECF No. 1) charging him with violation of 18 U.S.C. § 922(g)(8), being a prohibited person in possession of a firearm. The Government moved for detention pending trial and Defendant requested a hearing. On December 9, 2015, Defendant was indicted by the Grand Jury for the same charges as were contained in the original Complaint. ECF No. 12. Also on December 9, 2015, a hearing was held to determine whether the Defendant should be detained or released pending trial As discussed below, I find the Defendant should be **DETAINED** pending trial.

A. **Detention Hearing**

At the hearing, the Government called Special Agent Edwin Starr (SA Starr) of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives. SA Starr testified regarding the underlying facts of the case as follows: Defendant is a retired Arkansas State Police officer. Defendant had made several statements on social media which local law enforcement considered to be threatening. There were several specific threats against state and local law enforcement officers. Additionally there was at least one statement attributed to Defendant making threats against a local lawyer from the Hope, Arkansas area. On October 26, 2015, State law enforcement officers executed a search

warrant of the Defendant's home and seized two firearms and a small amount of marijuana. Investigators then determined Defendant was subject to at least one existing Protective Order entered on April 15, 2015, by the Circuit Court of Ouachita County, Arkansas. Defendant was arrested by state law enforcement officers. Further, following the imposition of the state Protective Order, Defendant was arrested for making terroristic threats on May 5, 2015 and again on August 20, 2015. SA Starr testified he believed the state Protective Orders were granted in favor of members of Defendant's family.

On cross examination SA Starr admitted it would be hard to distinguish fact from fiction regarding matters appearing on social media. He also stated Defendant appeared to be talking to or about God on many of the social media statements he made. Several of the social media postings reflected Defendant's desire that God punish those who had wronged him.

According to the affidavit signed by SA Starr in support of the criminal complaint in this matter, Defendant had also made threats on social media against the President of the United States as well as 37 state or local law enforcement officials. SA Starr also averred in the affidavit, he interviewed Defendant after his arrest and Defendant stated he had only written on social media "what God had told him" to write. *See* ECF No. 1, pp. 2-4.

The Defendant called Debbie Vickers as his only witness. Ms. Vickers testified she was Defendant's wife and had been married to him for six months. She further testified she would be willing to assist the U.S. Probation office in making sure Defendant complied with any conditions of release, were he to be released pending trial. However, Ms. Vickers also stated she believed Defendant needed a mental evaluation.

At the conclusion of the hearing, the Government argued that while the crime charged was

not a crime of violence, the circumstance surrounding the offence charged indicated danger to the community. Counsel for Defendant listed certain conditions he believed would assure the safety of the community and sought release of Defendant on those conditions.

The undersigned reviewed the evidence and information submitted by the parties, the affidavit in support of the original Complaint, the information and recommendation contained in Pretrial Services Report (PTSR) and argument of Counsel. Pursuant to 18 U.S.C. § 3142, the Court finds as follows:

### B.  Findings of Fact pursuant to 18 U.S.C. § 3142(g)

1. **Nature and circumstances of the offense charged**: Defendant is not charged with a crime which carries the presumption of detention without bond in this case. However, the circumstances giving rise to the charges against the Defendant, namely, threats of violence against others and possession of firearms, indicate he would in fact be a significant danger to the community. I find the statements of Defendant on social media were in fact threats to do harm to others, specifically law enforcement officials, and the Defendant intended these statements to be threats when he made them. This factor weighs in favor of detention.

2. **Weight of the evidence against the person charged:** Defendant has been charged by Indictment. Therefore, probable cause exists to believe he committed the crime charged. The testimony of SA Starr shows the great weight of the evidence indicates Defendant is guilty of the offense charged. There was no contrary or exculpatory evidence or information introduced at the hearing. This factor weighs in favor of detention.

3. **History and characteristics of the person charged:** Defendant is a long time resident of South Arkansas. He has family nearby to support him, including his wife. Defendant was a 25

year veteran of the Arkansas State Police. According to the PTSR, Defendant has a recent history of regular methamphetamine use. Further, his criminal history includes a recent history of arrests for making terroristic threats and harassing communications to others. At the time of his arrest in this matter, he was subject to at least three different types of protective orders issued by state courts.

These factors weigh in favor of finding Defendant likely to appear for trial, however, the facts also indicate he is a serious danger to others and the community. While Defendant is not a flight risk, this factor weighs in favor of Detention.

4. **Nature and seriousness of the danger to any other person**: Defendant has made specific threats against specific persons. He is a veteran of the Arkansas State Police, and I presume, trained in the use of weapons and firearms. He appears to believe he is speaking to God and further believes God will punish those who have wronged him. He has been subjected to more than one state Protective Order in the past few months. This factor weighs in favor of detention.

**C. Conclusions**[1]

1. I find by clear and convincing evidence that Defendant constitutes a danger to other persons and the community. This finding is based on the nature of the charges, the likelihood Defendant committed the crime charged, the circumstances surrounding the arrest of the Defendant, Defendants recent conduct threatening members of his own family, and the threats made by Defendant over social media to other individuals including law enforcement officers. Further, I find there is no condition or set of conditions which could reasonably assure the safety of other persons or the community.

---

[1] I also incorporate by reference the findings announced from the bench at the conclusion of the hearing on December 9, 2015.

2. I do not find the Defendant to be a risk of flight.

Accordingly, the Defendant is remanded to the United States Marshal Service pending trial.

**SO ORDERED** this **16th day of December 2015.**

      /s/ Barry A. Bryant
HONORABLE BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE